UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| VALLEY PROTEINS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | FILE NO.:  2:13-CV-00093 |
| HULSEY ENVIRONMENTAL ) | |
| SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff Valley Proteins, Inc., a Virginia corporation (hereinafter "Plaintiff") and submits this its Complaint against Defendant Hulsey Environmental Services, Inc., a Georgia corporation (hereinafter "Defendant") showing as follows:

-1-

Plaintiff is a corporation organized and existing under the laws of the state of Virginia with its principal place of business being located at 151 Valpro Drive, Winchester, Frederick County, Virginia 22603.

1

-2-

Defendant is a corporation organized and existing under the laws of the state of Georgia with its principal place of business being located at 1430 Calvary Church Road, Gainesville, Hall County, Georgia 30507.  Defendant is subject to the jurisdiction of this Court.

-3-

Defendant may be served with process by service upon its registered agent, James M. Walters, at its registered address of 311 Green Street, Suite 103, Gainesville, Hall County, Georgia 30501.

-4-

Plaintiff is a corporation incorporated by the laws of the state of Virginia and has its principal place of business in Virginia.  Plaintiff is not a citizen of the state of Georgia.  Defendant is a corporation incorporated by the laws of the state of Georgia and has its principal place of business in Georgia.

Defendant is a citizen of the state of Georgia.

-5-

This action is between citizens of different states, and the matter in controversy exceeds the value of $75,000.00 exclusive of interest and costs, thus this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

-6-

Defendant's principal place of business and its registered agent and office are located in the Northern District of Georgia, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Northern District of Georgia. Venue is proper in the United States District Court for the Northern District of Georgia, Gainesville Division, pursuant to 28 U.S.C. §1391(a)-(c) and Northern District Local Rule 3.1(B)(1)(a).

-7-

Plaintiff is in the business of recovering

restaurant greases including pumping and recycling or disposing of the contents of grease traps for restaurants.

-8-

Defendant engaged Plaintiff in or about late June 2011 to service the grease traps at a number of Waffle House restaurants in Virginia, North Carolina, South Carolina, Georgia, West Virginia, Maryland, Oklahoma, Indiana, and Pennsylvania.

-9-

Although no written contract was entered into among the parties, the parties established initial pricing of $0.18 per gallon for servicing of traps with a capacity of 1,000 gallons or more and a fixed price of $180.00 for servicing of traps with a capacity of less than 1,000 gallons.  Those prices remained fixed until December 14, 2012, when Plaintiff issued written notice to Defendant of an increase in price due to increasing fuel costs, a copy of which is attached hereto as

Exhibit A and is incorporated herein by reference. With said notice, the pricing increased to $0.20 per gallon for traps with a capacity of 1,000 gallons and over, and a flat rate of $200.00 for traps with a capacity of less than 1,000 gallons.

-10-

Defendant's engagement of Plaintiff was to facilitate a contract between Defendant and Waffle House, Inc. ("Waffle House") for servicing of Waffle House restaurant grease traps. Thus Hulsey would bill Waffle House for the servicing of the grease traps which was provided by Plaintiff as Defendant's contractor. Waffle House paid Defendant. Defendant was to pay Plaintiff.

-11-

Plaintiff established an account for Defendant and billed Defendant for its services on a monthly basis. Defendant paid Plaintiff's invoices in due course through September 2012. However despite Plaintiff

continuing to service the grease traps under its engagement with Defendant, Defendant failed to pay Plaintiff's Invoice #2458634 dated October 31, 2012 in the sum of $29,740.80, Invoice #2463135 dated November 30, 2012 in the sum of $24,670.80, Invoice #2467299 dated December 31, 2012 in the sum of $29,260.80, and Invoice #2472690 dated January 31, 2013 in the sum of $31,950.80.  Also outstanding is $111.60, being the remainder owing on Invoice #2412392 dated December 30, 2011 in the original sum of $23,770.80.

-12-

Defendant never raised any issue or dispute with Plaintiff regarding the manner in which Plaintiff executed its services or the costs of Plaintiff's services.

-13-

Waffle House agreed to the pricing schedule and paid Defendant for the services provided by Plaintiff as Defendant's contractor, yet Defendant has failed to

6

pay Plaintiff for the outstanding Invoices reflecting charges for those services.

-14-

On January 28, 2013, Colby Dyche on behalf of Plaintiff issued to Diane Cape, Gloria Kidd, and Devin White on behalf of Defendant an e-mail regarding three past due invoices totaling $83,672.40. (The three invoices which were the subject of said e-mail are numbered 2458634, 2463135, and 2467299 as referred to in paragraph 11 of this Complaint.) The e-mail stated in substance that if payment was not received in ten days, Plaintiff would suspend services on Defendant's account. Copies of said e-mail and the associated invoices are attached hereto as Exhibit B and incorporated herein by reference.

-15-

W. Stewart Hylton, Chief Financial Officer of Plaintiff, issued a letter to Husley Environmental dated February 5, 2013 regarding the past due invoices

on Defendant's account and the outstanding balance of $115,734.80.  The letter requested that Defendant make contact with Mr. Hylton to make arrangements to bring the account current and notified Defendant that failure to bring the account current would result in termination of service and employment of judicial collection remedies for non-payment of past-due invoices.  A copy of said letter is attached hereto as Exhibit C and is incorporated herein by reference.

-16-

Defendant remains delinquent in payment of its account with Plaintiff.  Outstanding on Defendant's account with Plaintiff is the principal sum of $115,734.80.  A summary of the Defendant's account statement and all invoices and payments made thereon is attached hereto as Exhibit D and is incorporated herein by reference.

-17-

Plaintiff invokes its recovery of interest on the

principal outstanding and due on Defendant's open account with Plaintiff at the rate of 1 1/2% per month calculated on the amount owed on the respective delinquent invoices from the date upon which it became due and payable until paid. O.C.G.A. § 7-4-16. Accordingly, more specifically, Plaintiff claims interest of 1 1/2% per month on Invoice #2412392 in the principal sum of $111.60 (being the residual left outstanding on Invoice #2412392) from December 30, 2011, on Invoice #2458634 in the principal sum of $29,740.80 from October 31, 2012, on Invoice #2463135 in the principal sum of $24,670.80 from November 30, 2012, on Invoice #2467299 in the principal sum of $29,260.80 from December 31, 2012, and on Invoice #2472690 in the principal sum of $31,950.80 from January 31, 2013.

<u>COUNT ONE - OPEN ACCOUNT</u>

-18-

Plaintiff incorporates by reference paragraphs 1

through 17 of this Complaint as if set forth herein verbatim.

-19-

Defendant is indebted and liable to Plaintiff for the principal sum of $115,734.80, which is the outstanding principal balance on Defendant's open commercial account with Plaintiff.

-20-

Defendant is liable to Plaintiff for interest on the principal amounts outstanding under Defendant's open account with Plaintiff at the rate of 1 1/2% per month from the date each of the respective invoices on which Defendant is delinquent became due and payable until paid in full. More specifically, Defendant is liable to Plaintiff for interest on the principal sum of $111.60 under Invoice #2412392 at the rate of 1 1/2% per month from December 30, 2011, which as of April 29, 2013 totals $26.73 and will continue to accrue at the rate of 1 1/2% per month (equating to $0.055 per day)

until paid in full; interest on the principal sum of
$29,740.80 under Invoice #2458634 at the rate of 1 1/2%
per month from October 31, 2012, which as of April 29,
2013 totals $2,639.88 and will continue to accrue at
the rate of 1 1/2% per month (equating to $14.666 per
day) until paid in full; interest on the principal sum
of $24,670.80 under Invoice #2463135 at the rate of 1
1/2% per month from November 30, 2012, which as of
April 29, 2013 totals $1,824.90 and will continue to
accrue at the rate of 1 1/2% per month (equating to
$12.166 per day) until paid in full; interest on the
principal sum of $29,260.80 under  Invoice #2467299 at
the rate of 1 1/2% per month from December 31, 2012,
which as of April 29, 2013 totals $1,717.05 and will
continue to accrue at the rate of 1 1/2% per month
(equating to $14.429 per day) until paid in full; and
interest on the principal sum of $31,950.80 under
Invoice #2472690 at the rate of 1 1/2% per month from
January 31, 2013, which as of April 29, 2013 totals

$1,386.52 and will continue to accrue at the rate of 1 1/2% per month (equating to $15.756 per day) until paid in full.

## COUNT TWO – QUANTUM MERUIT

-21-

Plaintiff incorporates by reference paragraphs 1 through 20 of this Complaint as if set forth herein verbatim.

-22-

Plaintiff provided services at the behest of and on behalf of Defendant as its contractor for which Defendant has been paid by Waffle House, but for which Plaintiff, the provider of the service, has not been paid by Defendant.

-23-

Defendant is liable and indebted to Plaintiff for the value of the services Plaintiff has provided to Defendant.

-24-

The value of the services provided to Defendant for
which Plaintiff has not been paid equals the
compensation rates set forth in paragraph 9 of this
Complaint, incorporated herein by reference, or such
other amount as may be proven at trial.

-25-

Plaintiff submitted statements to Defendant for the
services provided and the value thereof, Defendant has
failed to contest any such charges as submitted, and
Defendant has failed to pay Plaintiff the amounts owing
and due Plaintiff when due and remains delinquent on
same in the principal sum of $115,734.80.

-26-

Defendant is liable and indebted to Plaintiff under
quantum meruit in the principal sum of $115,734.80 or
such other amount as may be proven at trial.

-27-

Defendant is liable and indebted to Plaintiff under

quantum meruit for interest on the principal amounts outstanding from the dates on which said amounts became due at the rate of 1 1/2% per month until paid in full, as is more specifically set forth in paragraph 20 of this Complaint, incorporated herein by reference.

<u>COUNT THREE - UNJUST ENRICHMENT</u>

-28-

Plaintiff incorporates by reference paragraphs 1 through 27 of this Complaint as if set forth herein verbatim.

-29-

Defendant's customer for the servicing of grease traps is Waffle House, with an office in Norcross, Georgia, including Waffle House restaurants operated in Virginia, North Carolina, South Carolina, Georgia, West Virginia, Maryland, Oklahoma, Indiana, and Pennsylvania (hereinafter referred to as the "Region").

-30-

Waffle House engaged Defendant to service the

14

grease traps of certain Waffle House restaurants in the Region.

-31-

Defendant, in turn, engaged Plaintiff to service the grease traps of those Waffle House restaurants as Defendant's contractor.

-32-

Plaintiff provided the grease trap services to those Waffle House restaurants under the engagement of Defendant and as its contractor, for which Defendant was paid by Waffle House.  However Defendant has failed to pay Plaintiff for those services.

-33-

Defendant has been unjustly enriched in the principal sum of $115,734.80 or such other amount as may be proven at trial, for which Defendant is liable and indebted to Plaintiff for unjust enrichment.

-34-

Defendant is liable and indebted to Plaintiff for

interest accruing on the principal amounts owing to Plaintiff from the date on which said amount became due and payable at the rate of 1 1/2% per month until paid in full, as is more specifically set forth in paragraph 20 of this Complaint, incorporated herein by reference.

COUNT FOUR – BREACH OF CONTRACT

-35-

Plaintiff incorporates by reference paragraphs 1 through 34 of this Complaint as if set forth herein verbatim.

-36-

Plaintiff and Defendant reached a meeting of the minds and an agreement for Plaintiff's provision of services to Defendant and the payments to made therefor.

-37-

The agreement between the parties called for Defendant to pay Plaintiff $0.18 per gallon for servicing of grease traps with a capacity of 1,000

gallons or more, and a fixed price of $180.00 for grease traps with a capacity of less than 1,000 gallons, from Defendant's engagement of Plaintiff until December 14, 2012.

-38-

The pricing structure changed on December 14, 2012 in accordance with written notice from Plaintiff to Defendant, to which Defendant supplied no response or objection, and after which Defendant continued to engage Plaintiff, which called for Defendant to pay Plaintiff the sum of $0.20 per gallon for servicing of grease traps with a capacity of 1,000 gallons or more, and a flat rate of $200.00 for servicing of grease traps with a capacity of less than 1,000 gallons.

-39-

Plaintiff provided its services in reliance upon the agreement of the parties and the compensation schedule set forth above.

-40-

The parties' course of conduct establishes an agreement between Plaintiff and Defendant for Plaintiff's provision of grease trap services to Waffle House restaurants on behalf of and as contractor of Defendant, and which Defendant accepted by allowing Plaintiff to proceed thereunder and accepting payment from Waffle House for the services provided by Plaintiff on behalf of Defendant as Defendant's contractor.

-41-

Defendant is in breach of its agreement with Plaintiff.

-42-

Defendant is indebted and liable to Plaintiff for special damages arising from its breach of agreement with Plaintiff in the principal sum of $115,734.80 or such other amount as may be proven at trial.

-43-

Defendant is liable and indebted to Plaintiff for
interest on the principal amounts due from Defendant to
Plaintiff at the rate of 1 1/2% per month from the date
on which payments became due and payable until paid in
full as are more specifically set forth in paragraph 20
of this Complaint, incorporated herein by reference.

### COUNT FIVE - ESTOPPEL

-44-

Plaintiff incorporates by reference paragraphs 1
through 43 of this Complaint as if set forth herein
verbatim.

-45-

The parties reached an agreement for Plaintiff's
provision of services to Waffle House restaurants on
behalf of Defendant and for compensation to be paid
thereunder as is set forth in paragraph 9 of this
Complaint, incorporated herein by reference.

-46-

Plaintiff acted in reliance upon its agreement with Defendant, and Defendant operated in accordance with the agreement through September 2012, thus ratifying the agreement and the provision for payment thereof.

-47-

Plaintiff notified Defendant of a change in the compensation schedule by written notice dated and issued December 14, 2012, to which Defendant offered no objection.

-48-

Defendant continued in its engagement of Plaintiff and allowed Plaintiff to continue its work under the engagement with Defendant, after Defendant had received written notice of the change in the compensation schedule by Plaintiff's notice to Defendant dated December 14, 2012, a copy of which is attached hereto as Exhibit A and incorporated herein by reference.

-49-

Defendant is estopped from asserting that the fees charged, and fee schedule from Defendant's engagement of Plaintiff until December 14, 2012, is anything other than the agreement of the parties based upon its course of conduct, lack of any objection to Plaintiff, and paying the bills under the schedule as submitted by Plaintiff.

-50-

Defendant is estopped from asserting that the rate schedule in effect after December 14, 2012 is anything other than that as set forth in Plaintiff's written notice to Defendant dated December 14, 2012, a copy of which is attached hereto as Exhibit A and incorporated herein by reference, by voicing no objection or concern to the rate schedule and by allowing Plaintiff to continue the provision of services after Defendant's receipt of said notice.

-51-

Defendant is estopped from asserting that the rate schedule (either before or after December 14, 2012) is anything other than that set forth in paragraph 9 of the Complaint because it billed Waffle House for the services provided by Plaintiff and received payment therefor with knowledge of Plaintiff's rates for its services.

## COUNT SIX - ATTORNEYS' FEES

-52-

Plaintiff incorporates by reference paragraphs 1 through 51 of this Complaint as if set forth herein verbatim.

-53-

Plaintiff has issued written notices to Defendant demanding payment for the amounts outstanding on its account with Plaintiff. Plaintiff's written notice to Defendant dated February 5, 2013 (Exhibit C hereto) notifies Defendant that its failure to bring its

account current will result in judicial collection remedies.  Despite those notices, Defendant has failed to pay the outstanding balance due on its open account with Plaintiff.

-54-

Defendant has acted in bad faith, has been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expense in having to bring this action to collect the sums owed from Defendant to Plaintiff.

-55-

Defendant is liable to Plaintiff for Plaintiff's attorneys' fees and expenses of litigation in bringing and litigating this action in an amount to be proven at trial.

## DEMAND FOR JURY TRIAL

-56-

Plaintiff demands trial by jury as to all issues so triable in this action.

WHEREFORE, Plaintiff prays that this Court:

A.   Order a trial by jury;

B.   Enter judgment in favor of Plaintiff and against Defendant in the principal sum of $115,734.80 or such other special damages as may be proven at trial;

C.   Enter judgment in favor of Plaintiff and against Defendant for interest on the principal sum of $115,734.80 or such other special damages as may be proven at trial at the rate of 1 1/2% per month from the date the respective portions of said principal became due and payable until paid in full;

D.   Order that Plaintiff recover of Defendant its attorneys' fees and expenses of litigation in bringing this action in an amount to be proven at trial; and

E.   Grant such further relieve as this Court deems

*{continued on following page}*

24

just, equitable, and proper.

This 29th day of April, 2013.

>SMITH, GILLIAM, WILLIAMS & MILES, P.A.
>Attorneys for Plaintiff
>Valley Proteins, Inc.
>
>M. TYLER SMITH
>Georgia Bar No.:  661685
>P.O. Box 1098
>Gainesville, GA 30503
>770-536-3381 - telephone
>770-531-1481 - facsimile
>tsmith@sagwmfirm.com

## CERTIFICATE OF FONT SIZE

I hereby certify that this document was prepared in Courier New font, 14 point.

This 29th day of April, 2013.

>M. TYLER SMITH
>Georgia Bar No.:  661685
>Smith, Gilliam, Williams & Miles, P.A.
>Attorneys for Plaintiff