UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

VALLEY PROTEINS, INC.          )
                               )
        Plaintiff,             )
                               )      CIVIL ACTION
   vs.                         )
                               )      FILE NO. 2:13-CV-00093
HULSEY ENVIRONMENTAL           )
SERVICES, INC.,                )
                               )
        Defendant              )

## ANSWER AND COUNTERCLAIM

Now comes HULSEY ENVIRONMENTAL SERVICES, INC., A

Georgia Corporation, (hereinafter "Defendant") and

shows the following:

RESPONDING TO ALLEGATIONS IN THE COMPLAINT:

1.

Defendant admits the allegations in paragraphs 2,

3, 5, 6, 7, 8, 10, 29, 30, 31 and 56.

2.

Defendant lacks knowledge or information sufficient

to form a belief about the truth of the allegations in

paragraph 1.

3.

Responding to paragraph 4, Defendant admits that it is a Corporation, incorporated by law in the State of Georgia but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegation.

4.

Defendant denies the allegations in paragraphs 12, 16, 19, 20, 23, 24, 25, 26, 27, 33, 34, 39, 40, 41, 42, 43, 49, 50, 51, 54 and 55.

5.

Responding to paragraph 9, Defendant admits that no written contract was signed. Defendant admits the agreed pricing was $0.18 per gallon for traps with a capacity of 1000 gallons or more and $180.00 for traps with capacity less than 1000 gallons. This compensation was to be paid for "dry pumping", hauling and proper disposal of the trap contents. Defendant admits Plaintiff attempted to increase the price December 14, 2012 but denies each and every other

2

allegation contained in paragraph 9.

6.

Responding to paragraph 11, Defendant admits that it paid Plaintiff's invoices through September, 2012. It ceased payment of the invoices when it was determined that Plaintiff would not correct its breach of contract.  Defendant admits it did not pay the referenced invoices.

7.

Responding to paragraph 13, Defendant admits that Waffle House did in fact pay Defendant for the service of pumping dry its traps as required by the written agreement between Waffle House and Defendant and that Defendant upon determining that Plaintiff refused to correct its breach and to credit Defendant for sums unearned, Defendant made no further payments.

8.

Responding to paragraph 14, Defendant admits that it received an email regarding past due invoices as referenced but denies that the sums were owing.

3

9.

Responding to paragraph 15, Defendant admits it received the referenced letter but denies that any sums were owing Plaintiff.

10.

Responding to paragraph 17, Defendant admits that Plaintiff is attempting to recover interest but denies that Plaintiff is entitled to do so.

11.

Responding to paragraph 22, Defendant admits that it has been paid by Waffle House to "pump dry" its traps.  Defendant denies that Plaintiff's services were performed as agreed.

12.

Responding to paragraph 32, Defendant denies that Plaintiff provided the services as agreed between Plaintiff and Defendant in that it did not "pump dry", haul and properly dispose of the contents of the referenced grease traps.  Defendant admits that it has refused to pay Plaintiff upon determining that

4

Plaintiff failed to "pump dry" traps and to credit sums unearned.

13.

Responding to paragraph 36, Plaintiff and Defendant entered into an agreement that Plaintiff would pump dry all traps at Waffle Houses, properly transport and dispose of the contents thereof for the price of $0.18 per gallon on traps of the size of 1000 gallons or more and $180.00 on traps of the size of 1000 gallons or less.

14.

Responding to paragraph 37, Defendant admits that the price agreed to was $0.18 per gallon for a certain size traps and $180.00 for smaller size traps. Plaintiff was to "pump dry" the traps, properly transport and dispose of the contents.

15.

Responding to paragraph 38, Defendant admits Plaintiff gave notice of a price increase but denies that Defendant agreed to any pricing change.

16.

Responding to paragraph 45, Defendant admits that Plaintiff and Defendant reached an agreement for services to Waffle House restaurants, which agreement was for the compensation of $0.18 per gallon for traps 1000 gallons or more and $180.00 for traps less than 1000 gallons for Plaintiff to "pump dry", properly transport and dispose of the contents thereof. Defendant denies any other allegations contained in paragraph 45.

17.

Responding to paragraph 46, Defendant admits it paid Plaintiff the agreed sums through September 2012. However, Defendant discovered that Plaintiff was not "pumping dry" the traps, only pumping a portion of the traps and charging as if the traps had been "pumped dry".

18.

Responding to paragraph 47, Defendant admits that Plaintiff sent a notice attempting to change the rate

6

without agreement by the Defendant and without addressing Defendant's complaint that Plaintiff had breached its contract.

19.

Responding to paragraph 48 Defendant admits that Plaintiff continued work until Defendant could enter agreements with other contractors to properly fulfill its obligations to "pump dry" properly transport and dispose of contents of traps of Waffle House.

20.

Responding to paragraph 53, Defendant admits that it has refused to make payments to Plaintiff. Defendant denies that it is indebted to Plaintiff in any sums whatsoever.

21.

Any allegation contained in Plaintiff's Complaint not specifically admitted or denies is denied.

**AFFIRMATIVE DEFENSE**

FAILURE OF CONSIDERATION

7

22.

On July 19, 2012, Defendant notified Plaintiff by email to David Boggs, Plaintiff Vice President, that the manifests reflected that the traps were not being "pumped dry". It further instructed Plaintiff to "pump dry"all traps.

23.

On July 24, 2012, Plaintiff V.P. David Boggs emailed "Diane, it appears that someone had changed some code in our system by accident, which removed the comment for pump dry. Colby worked on it yesterday and got the code fixed. We hope this issue didn't cause you any problems with the customer".

24.

Plaintiff continued service but failed to "pump dry" traps.

25.

Plaintiff has billed and been paid for gallons it did not pump, haul or dispose of as follows:   2011 $47,598.30 and 2012 $69,014.70 for a total of

8

$86,613.00.

26.

Plaintiff has billed for gallons it did not pump, haul or dispose of as follows:   October – December, 2012 $12,366.00 and 2013 $2,583.00 for a total of $4,949.00.

**COUNTERCLAIM**

Comes now the Defendant and shows for its Counterclaim as follows:

27.

The Plaintiff is a corporation incorporated under the laws of Virginia with its principal place of business in Virginia.   The Defendant is a corporation under the laws of Georgia with its principal place of business in Georgia. The amount in controversy, without interest and costs exceeds the sum or value specified by 28 U.S.C. Section 1332.

28.

In the alternative, the Court has supplemental

jurisdiction. Pursuant to 28 U.S.C. Section 1367.  The
claims are so related they form part of the same case.

29.

The Plaintiff is indebted to Defendant $3784.00
according to the account invoices set out in Exhibit A.

30.

The Plaintiff is indebted to Defendant $86,613.00
for money paid by mistake to the Plaintiff during 2011
and 2012.  Defendant and Plaintiff contracted for
Plaintiff to "pump dry", haul and dispose of trap waste
at certain Waffle Houses.  Plaintiff billed and was
paid for gallons never pumped, hauled or disposed of.

### DEMAND FOR JURY TRIAL

31.

Defendant demands trial by jury as to all issues so
triable in this action.

WHEREFORE, Defendant prays that this Court:

A.   Order a trial by jury;

B    Enter judgment in favor of Defendant and
     against Plaintiff in the principal sum of

10

$90,397.00 or such other special damages as may

be proven at trial;

C.   Grant such further relief as this Court deems

just, equitable, and proper.

This 3rd day of July, 2013.


/s/James M. Walters
Attorney for Defendant
Hulsey Environmental Services
Inc.
Georgia Bar No.: 735750
311 Green St. Suite 103
Gainesville, GA 30501
770-536-3264 - telephone
770-536-9221 - facsimile
Jim@thewaltersfirm.com


CERTIFICATE OF FONT SIZE

I hereby certify that this document was prepared in

Courier New font, 14 point.

This 3rd day of July, 2013


/s/James M. Walters
JAMES M. WALTERS
Georgia Bar No.: 735750
Attorney for Defendant

11

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

VALLEY PROTEINS, INC.        )
                             )
    Plaintiff,            )
                             )      CIVIL ACTION
 vs.                         )
                             )      FILE NO. 2:13-CV-00093
HULSEY ENVIRONMENTAL         )
SERVICES, INC.,              )
                             )
    Defendant             )

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2013, I electronically filed the foregoing **Answer and Counterclaim** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorney of record:

    M. Tyler Smith
    SMITH, GILLIAM, WILLIAMS & MILES, P.A.
    P.O. Box 1098
    Gainesville, GA 30503
    Attorney for Plaintiff

12

<u>/s/James M. Walters</u>
Attorney for Defendant
Hulsey Environmental Services
Inc.
Georgia Bar No.: 735750
311 Green St. Suite 103
Gainesville, GA 30501
770-536-3264 - telephone
770-536-9221 - facsimile
<u>Jim@thewaltersfirm.com</u>